# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NOS. 1:04CR72 & 1:04CR87

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MAJOR FRANK CALCUTT, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>WACHOVIA SECURITIES, )<br>)<br>Garnishee. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Response to the Plaintiff's Application for Writ of Continuing Garnishment," filed August 29, 2006.

## I. PROCEDURAL HISTORY

As a part of the Defendant's sentence in the captioned criminal matters, the Court ordered the Defendant to pay restitution in the amount

of $312,251.25. **Judgment of Conviction in a Criminal Case, filed January 19, 2006.** On August 9, 2006, the undersigned issued a writ of continuing garnishment to Wachovia Securities (Wachovia). **Writ of Continuing Garnishment, filed August 9, 2006.** Wachovia answered the writ by disclosing that it has within its custody securities with a value of $30,037.90 which are owned "100%" by the Defendant. **Answer of the Garnishee, filed August 14, 2006, at 2.**

The Defendant, in accordance with 28 U.S.C. § 3205(c)(3), was provided instructions for objecting to the answer of Wachovia. **Notice of Garnishment and Instructions, filed July 27, 2006.** Contained within those instructions were the following directives:

> [U]nless within twenty (20) days from the date of receipt of the Answer of the Garnishee, you file a written objection to explain why you think these funds are exempt from execution under federal law and request a hearing, a court Order of Continuing Garnishment will be entered attaching the property or funds and the property or funds will be applied against the judgment owed the United States of America. The objection must state your reasons for believing that these funds are not subject to attachment by the United States of America.

*Id.* The instructions also advised the Defendant that he was required to serve a copy of any objections on Wachovia. *Id.*

## II.  DISCUSSION

When the United States seeks to collect a judgment by garnishment, 28 U.S.C. § 3205 provides the procedures.  Once the writ has been served, the defendant/debtor may claim exemptions but there is no specific statutory method for objecting to the writ itself.  **28 U.S.C. § 3205(c)(1) ("If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."); 28 U.S.C. §3205(c)(3)(B) ("The United States shall serve the . . . judgment debtor with a copy of the writ of garnishment[.]  The writ shall be accompanied by . . . instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections.").**  "Under [the Fair Debt Collections Procedure Act], a judgment debtor may move to quash an enforcement order, like the garnishment at issue [here]. . . .  [However] the issues . . . are limited to the validity of any claim of exemption and the government's compliance with [the Act's] statutory requirements."  ***United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir. 2003).**

Here, the Defendant has not moved to quash the writ of garnishment. He filed a "response" to the writ but did not file objections to the answer of

the garnishee.  Nor did the Defendant serve the garnishee with the pleading.  **28 U.S.C. § 3205(c)(5) ("A copy of the objection . . . shall be served on the garnishee and all other parties.").**

The Defendant did elect exemptions, however, the exemptions which he claimed do not relate to the securities which are on account at Wachovia.  **Exhibit A, Claim for Exemption Form, *attached to Defendant's Response to Plaintiff's Application for Writ of Continuing Garnishment, filed August 29, 2006.***  The Defendant claimed exemptions in wearing apparel and school books, fuel, furniture and personal effects, tools of the trade and undelivered mail.  *Id.*

The Defendant states that since a co-conspirator has not yet been sentenced, he should not be obligated to begin paying restitution.  The Defendant's judgment of conviction clearly states that restitution is payable immediately.  **Judgment of Conviction in a Criminal Case, *supra*, at 5. ("Payment to begin immediately.").**  He also states that the accounts held at Wachovia are in the name of the Defendant and his wife whom, he argues, owns one-half.  As previously noted, however, Wachovia has advised that the Defendant owns 100 percent of the accounts.  Moreover, neither of these grounds are cognizable in objecting to the answer to the

writ. **28 U.S.C. § 3202(d) ("The issues at such hearing shall be limited . . . to the probable validity of any claim of exemption by the judgment debtor [and] to compliance with any statutory requirement for the issuance of the [writ].").** There is no issue concerning the exemptions and the Defendant has made no claim that the Government in any manner failed to comply with the procedural requirements of the statute. In essence, the Defendant seeks to attack the judgment of restitution. That may not be done in this procedural posture.

Nor does the Court find a hearing is required since the Defendant did not file objections to the answer and did not serve objections to the answer on Wachovia. Even if it is assumed that the Defendant intended to move to quash the writ, the only issues would be the validity of the exemptions and the Government's compliance with procedural rules. Since there are no such issues, no hearing is required.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's response does not comply with the statute and no relief is warranted. The United States

shall submit a proposed final Order of Continuing Garnishment to the Court.

Signed: October 12, 2006

Lacy H. Thornburg
United States District Judge